PER CURIAM.
Appellant-husband by this appeal from a judgment in a divorce action challenges the trial court’s order granting custody of the parties’ four minor children to the wife upon the grounds that the wife has been guilty of gross misconduct to such an extent that she was not a fit and proper person to be awarded custody of the children, and custody by her is detrimental to the welfare and best interests of the children. The husband was granted the divorce upon his counterclaim alleging adultery and extreme cruelty.
This record reflects a pattern of conduct on the part of the wife that is contrary to the basic moral standards of any community. This pattern of conduct is especially disturbing in view of the fact that the wife is a highly trained social worker. Apparently she is capable of rendering advice to our unfortunate underprivileged citizens but is incapable of disciplining herself to conform to basic standards of decency. The trial judge was confronted with the tremendous responsibility of deciding which of the two parents should have primary custody of the four minor children, none of which had reached their teens. He found that the welfare and best interests of these children at the present time would be best served by *499 granting custody to the wife with liberal visitation rights to the father. We observe that the trial judge specifically reserved jurisdiction of the custody arrangement for a period of six months for the stated purpose : “ * * * to review the living conditions of said minor children.” In view of the trial judge’s decision to again examine the conditions within six months from date of the final judgment as to the best interests and welfare of these children, this Court will decline to upset the trial judge’s discretion at this time.
Appellee-wife has petitioned for attorney’s fees for defending this appeal. It is observed that no attorney’s fees were awarded to the wife by the trial judge. Need on the part of the wife with the commensurate showing of ability to pay on the husband’s part has not been shown; therefore, the petition for attorney’s fees is denied.
Affirmed.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.